UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DeANDRE R. SMITH,<br><br>                    Petitioner,<br><br>     v.<br><br>UNKNOWN,<br><br>                    Respondent. | No. 2: 14-cv-0944 KJN P<br><br><br>ORDER AND FINDINGS AND<br>RECOMMENDATIONS |

    Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Petitioner has submitted a declaration that makes the showing required by § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

    The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may

////

////

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

1

1  not be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the
2  highest state court with a full and fair opportunity to consider all claims before presenting them to
3  the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d
4  1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).
5       On August 13, 2014, the court ordered petitioner to show cause why this action should not
6  be dismissed for his failure to exhaust state court remedies.  (ECF No. 10).  In response, petitioner
7  filed an amended petition.  (ECF No. 11.)  It is clear from the amended petition that none of the
8  claims raised are exhausted.  The claims have not been presented to the California Supreme
9  Court.  Further, there is no allegation that state court remedies are no longer available to
10 petitioner.  Accordingly, the petition should be dismissed without prejudice.[2]
11      Good cause appearing, IT IS HEREBY ORDERED that:
12      1.  Petitioner is granted leave to proceed in forma pauperis;
13      2.  The Clerk of the Court is directed to serve a copy of these findings and
14 recommendations together with a copy of the petition filed in the instant case on the Attorney
15 General of the State of California;
16      3.  The Clerk of the Court is directed to assign a district judge to this action; and
17      IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas
18 corpus be dismissed for failure to exhaust state remedies.
19      These findings and recommendations will be submitted to the United States District Judge
20 assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
21 after being served with these findings and recommendations, petitioner may file written
22 objections with the court.  The document should be captioned "Objections to Findings and
23 ////
24 ////

---

25  [2]  Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations
26 for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period
    will start to run on the date on which the state court judgment became final by the conclusion of
27 direct review or the expiration of time for seeking direct review, although the statute of
    limitations is tolled while a properly filed application for state post-conviction or other collateral
28 review is pending.  28 U.S.C. § 2244(d).

1 | Recommendations." Petitioner is advised that failure to file objections within the specified
2 | time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153
3 | (9th Cir. 1991).
4 | Dated: August 27, 2014

6 | Sm944.103

*/s/ Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE